# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

MARION BRANTLEY, III,

    Petitioner,

vs.                          Case No.:     3:16-cv-800-J-32JRK
                                                        3:12-cr-147-J-32JRK

UNITED STATES OF AMERICA,

    Respondent.

## ORDER

This case is before the Court on Petitioner Marion Brantley, III's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1, § 2255 Motion) and Supporting Memorandum (Civ. Doc. 12, Memorandum).[1] Petitioner pled guilty to possession of a firearm by a convicted felon, possession of marijuana with intent to distribute, and possession of a firearm in furtherance of a drug trafficking crime. (Crim. Doc. 43, Plea Agreement). The Court determined that Petitioner was an armed career criminal and sentenced him to a term of 132 months in prison after granting the United States' motion for a substantial assistance reduction. (See Crim. Doc. 59, Judgment; Crim. Doc. 60, Statement of Reasons). Petitioner raises a single claim: that the Court incorrectly sentenced him under the Armed Career Criminal Act (ACCA) in

---

[1]     Citations to the record in the underlying criminal case, <u>United States v. Marion Brantley, III</u>, No. 3:12-cr-147-J-32JRK, will be denoted as "Crim. Doc. __." Citations to the record in the civil 28 U.S.C. § 2255 case, No. 3:16-cv-800-J-32JRK, will be denoted as "Civ. Doc. __."

1

light of the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). The United States has responded (Civ. Doc. 14; Amended Response), and Petitioner has replied (Civ. Doc. 15; Reply). Thus, the matter is ripe for review.

Under 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that a hearing is not necessary to resolve the merits of this action. See Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (an evidentiary hearing is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief). For the reasons set forth below, Petitioner's § 2255 Motion is due to be denied.

## I. The ACCA and Johnson

Under 18 U.S.C. § 922(g), a person convicted of being a felon in possession of a firearm is ordinarily subject to a maximum term of imprisonment of 10 years. Under the ACCA, however, that person is subject to an enhanced mandatory minimum sentence of 15 years in prison if he has three or more prior convictions for a violent felony or a serious drug offense, or both. 18 U.S.C. § 924(e). (Although here, Petitioner was sentenced to less than the 15-year mandatory minimum by virtue of the United States' substantial assistance motion). 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>

18 U.S.C. § 924(e)(2)(B)(i)-(ii) (emphasis added). Subsection (i) is referred to as the "elements clause," the first nine words of subsection (ii) are referred to as the "enumerated offense" clause, and the rest of subsection (ii), which is emphasized above, is referred to as the "residual clause." <u>United States v. Owens</u>, 672 F.3d 966, 968 (11th Cir. 2012).

In <u>Johnson v. United States</u>, the Supreme Court held that the residual clause is unconstitutionally vague. 135 S. Ct. at 2557-58, 2563. However, the Supreme Court made clear that the elements clause and the enumerated offense clause remain unaffected. <u>Id.</u> at 2563. Later, in <u>Welch v. United States</u>, 136 S. Ct. 1257 (2016), the Supreme Court held that <u>Johnson</u> applies retroactively on collateral review.

For a prisoner to successfully challenge his ACCA sentence based on <u>Johnson</u>, he must prove "more likely than not" that reliance on the residual clause led the sentencing court to impose the ACCA enhancement. <u>Beeman v. United States</u>, 871 F.3d 1215, 1220-22 (11th Cir. 2017), <u>cert. denied</u>, — S. Ct. —, 2019 WL 659904 (Feb. 19, 2019).

> Only if the movant would not have been sentenced as an armed career criminal absent the existence of the residual clause is there a <u>Johnson</u> violation. That will be the case only (1) if the sentencing court relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause (neither of which were called into question by <u>Johnson</u>) to qualify a prior conviction as a violent felony, and (2) if there were not at least three other prior convictions that could have qualified under either of those two clauses as a violent felony, or as a serious drug offense.

3

Id. at 1221. "If it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause." Id. at 1222.

Whether the sentencing court relied on the residual clause is a "historical fact," which is determined by reference to the state of affairs that existed at the time of sentencing. See id. at 1224 n.5. Thus, court decisions rendered afterward holding that an offense does not qualify under the elements clause or the enumerated offense clause "cast[ ] very little light, if any, on th[is] key question of historical fact." Id. A prisoner can prove that the sentencing court relied on the residual clause in two ways. First, the prisoner can point to "direct evidence: comments or findings by the sentencing judge indicating that the residual clause was relied on and was essential to application of the ACCA in that case." Id. at 1224 n.4. Alternatively, absent direct evidence, there will

> sometimes be sufficient circumstantial evidence to show the specific basis of the enhancement. For example, there could be statements in the PSR [Presentence Investigation Report], which were not objected to, recommending that the enumerated clause and the elements clause did not apply to the prior conviction in question and did not apply to other prior convictions that could have served to justify application of the ACCA. Or the sentencing record may contain concessions by the prosecutor that those two other clauses do not apply to the conviction in question or others.

Id. A prisoner may also circumstantially prove that the ACCA sentence depended on the residual clause "if the law was clear at the time of sentencing that only the residual clause would authorize a finding that the prior conviction was a violent felony." Id. at

4

1224 n.5 (emphasis added). However, if "'the evidence does not clearly explain what happened … the party with the burden loses.'" Id. at 1225 (quoting Romine v. Head, 253 F.3d 1349, 1357 (11th Cir. 2001)).

## II. Discussion

Petitioner is not entitled to relief from his ACCA sentence because he has not carried his burden under Beeman. Petitioner has not submitted any evidence that indicates, directly or indirectly, that the Court relied on the residual clause at the time it sentenced him. Because Petitioner cannot show that the Court "relied solely on the residual clause, as opposed to also or solely relying on either the enumerated offenses clause or elements clause," Beeman, 871 F.3d at 1221, he is not entitled to relief under Johnson.

Additionally, Petitioner's PSR reflects that the ACCA enhancement was based on four prior convictions, each obtained in the state of Florida: (1) second-degree murder, (2) the sale or delivery of cocaine, (3) battery on a law enforcement officer, and (4) possession of cocaine with intent to sell. (PSR at ¶ 29). Petitioner admitted to each offense when he pled guilty. (Crim. Doc. 43, Plea Agreement at 3, 22-23). Petitioner did not object to the validity of any of the convictions, nor did he object to the ACCA enhancement. (Addendum to PSR). In his sentencing memorandum, Petitioner specifically stated that he "does not challenge that his prior convictions for second degree murder, sale of cocaine and possession of cocaine with intent to sell qualify as predicates under the ACCA." (Crim. Doc. 57 at 3 n.2). Petitioner's prior convictions for the sale or delivery of cocaine and possession of cocaine with intent to

5

sell do not implicate the residual clause, and therefore are not affected by Johnson. See United States v. Smith, 775 F.3d 1262, 1268 (11th Cir. 2014) (conviction for the sale of cocaine under § 893.13, Fla. Stat., is a serious drug offense).

After briefing was completed in this case, the Eleventh Circuit held that second-degree murder under § 782.04(2), Fla. Stat., categorically qualifies as a violent felony under the ACCA's elements clause. United States v. Jones, 906 F.3d 1325, 1328-29 (11th Cir. 2018). Petitioner argues that the Shepard[2] documents fail to establish whether his second-degree murder conviction was under § 782.04(2) or § 782.04(3), which provides an alternative definition of second-degree murder. However, Petitioner's argument wrongly assumes that, in the context of a § 2255 motion, it is the government's burden to prove that a given conviction qualified under a provision other than the residual clause. As the Eleventh Circuit explained in Beeman, the burden rests on Petitioner to prove that the ACCA sentence depended on the residual clause, not the other way around. Beeman, 871 F.3d at 1221-25.

Regardless, the available record shows that Petitioner's second-degree murder conviction was under § 782.04(2) and not § 782.04(3).[3] Section 782.04(2), which the Eleventh Circuit addressed in Jones, makes it second-degree murder to kill a human being "by any act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death

---

[2] Shepard v. United States, 544 U.S. 13 (2005).
[3] Although Petitioner references the Shepard documents, he has not presented them to the Court. The only available Shepard document, a Predisposition Report for Delinquency (Crim. Doc. 57-1), and the PSR each suggest that the murder conviction was under § 782.04(2), as discussed below.

6

of any particular individual." Section 782.04(3), which the Eleventh Circuit did not address in Jones, makes it second-degree murder whenever a human being is killed during the perpetration or attempted perpetration of an enumerated felony by someone other than the person perpetrating the enumerated felony. Petitioner's Plea Agreement states that the second-degree murder conviction was for "[s]econd-degree murder with a deadly weapon." (Crim. Doc. 43 at 3, 22). Petitioner's PSR, to which he did not object (see Addendum to PSR; Crim. Doc. 57), states that Petitioner committed the murder by shooting the victim in the head with a .22 caliber firearm, PSR at ¶ 34.[4] The Predisposition Report for Delinquency from the murder case reflects the same facts. (Crim. Doc. 57-1 at 1-2). Thus, the record demonstrates that the murder conviction was based upon Petitioner committing an "act imminently dangerous to another and evincing a depraved mind regardless of human life," as set forth under § 782.04(2). Because the Eleventh Circuit has held that second-degree murder under § 782.04(2) is categorically a violent felony under the elements clause, Jones, 906 F.3d at 1328-29, Petitioner's second-degree murder conviction remains a valid ACCA predicate.

Given that Petitioner has two prior convictions for a serious drug offense and one prior conviction for a violent felony, even without considering his prior conviction for battery on a law enforcement officer, he remains eligible for the ACCA sentence.

---

[4] A court may rely on uncontested facts in the PSR to determine whether a defendant's prior conviction qualifies as an ACCA predicate. United States v. Bennett, 472 F.3d 825, 832-34 (11th Cir. 2006); see also United States v. Beckles, 565 F.3d 832, 843 (11th Cir. 2009)

7

Therefore, Johnson affords Petitioner no relief. As such, and in accordance with the Rules Governing Section 2255 Cases in the United States District Courts, it is hereby **ORDERED:**

1. Petitioner Marion Brantley, III's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DENIED**.
2. The Clerk should enter judgment in favor of the United States and against Petitioner, and close the file.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue… only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, she is not entitled to appeal

in forma pauperis.

**DONE AND ORDERED** at Jacksonville, Florida this 12th day of March, 2019.

*[signature]*

TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:
Counsel of record
Petitioner